**HLD-002**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4315
_____

IN RE:  WARREN SMALL,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1-15-cv-01029)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 28, 2016

Before:  SMITH, Chief Judge, McKEE and FUENTES, Circuit Judges

(Opinion filed: January 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Warren Small filed this mandamus petition pursuant to 28 U.S.C. § 1651, seeking

an order directing the District Court to reconsider a ruling on his motion to expand the

record and to rule on his pro se habeas petition under 28 U.S.C. § 2254.  For the

following reasons, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On January 5, 2016, Small filed his § 2254 petition challenging a Delaware conviction for firearm offenses, raising 28 grounds for relief. Small also filed a motion to expand the record. After the State filed a response, Small filed a reply, and a supplemental reply, the latter on June 20, 2016. On August 18, 2016, the District Court denied Small's motion to expand the record. His § 2254 petition remains pending.

On December 16, 2016, Small filed his mandamus petition. He complains of the delay in the adjudication of his habeas petition and seeks an order to compel the District Court to reconsider its ruling on his motion to expand the record.

Under 28 U.S.C. § 1651, we may "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show that he has a clear and indisputable right to the writ and no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Small does not meet the standard for mandamus relief. Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009). Small has not shown why he cannot raise a challenge to the District Court's denial of his motion to expand the record on appeal from a final judgment.

Furthermore, the District Court's delay in adjudicating Small's petition does not warrant mandamus relief. "[A]n appellate court may issue a writ of mandamus on the

2

ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Small's petition has been ripe for resolution at least since the filing of his supplemental reply. While a six-month delay raises some concern, see Madden, 102 F.3d at 79, we do not believe that the delay in ruling on the 28-claim petition is so lengthy that it is "tantamount to a failure to exercise jurisdiction." See id. In the intervening months, the District Court has adjudicated two of Small's motions. And we are confident that the District Court will rule on the petition without undue delay.

For the foregoing reasons, we will deny the petition for a writ of mandamus.